FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

2009 JUL 21 AM 9:50

CLERK
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

CASE NO.:

NORMA ANDINO-CRUZ,
    Plaintiff,
v.

3:09-cv-667-J-34JRK

OXFORD COLLECTION AGENCY, INC.
    Defendant.
_____/

## COMPLAINT

Plaintiff, **NORMA ANDINO-CRUZ**, by and through her undersigned counsel, hereby files this Complaint and sues Defendant, **OXFORD COLLECTION AGENCY, INC.** alleging:

### NATURE OF ACTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (hereinafter "FDCPA"), the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 to §501.213 (hereinafter "FDUTPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 to §559.785 (hereinafter "FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. Venue in this District is proper because Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

3. Plaintiff is a natural person residing in Duval County, Florida.

4. Defendant is a Corporation engaged in the business of collecting debts in this state with its principal place of business in Melville, New York.

5. The principal purpose of Defendant is the collection of debts using the internet, mail and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

6. At all times mentioned in this Complaint, Defendant was a "debt collector" as defined under the FDCPA, 15 U.S.C. 1692a(6).

7. At all times mentioned in this Complaint, Plaintiff was a "consumer" as defined by 15 U.S.C. §1692a(2) and is alleged to have owed a "debt" of a "personal, family, or household" nature as defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

8. Plaintiff became delinquent on an account with Goodyear Tire/Citigroup.

9. Representatives from Citigroup began to contact the Plaintiff in reference to her debt. Plaintiff drafted and forwarded a cease and desist letter to Citigroup.

10. On July 14, 2009, "Peter", a representative of the Defendant, contacted Plaintiff. Plaintiff explained to "Peter" that contacting her was a violation of the cease and desist. Plaintiff then asked that any further contact regarding this matter be made with her attorney. She then gave all of the attorney's contact information to "Peter". "Peter" said "Whatever," and hung up on the Plaintiff.

11. On July 15, 2009, "Regina", another of Defendant's representatives, phoned the Plaintiff. Plaintiff again explained that representatives should not be contacting her, but her attorney.

12. Each time representatives phoned, it was from the same number, (732) 941-0140.

## COUNT ONE: FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

Plaintiff repeats and realleges and incorporates by reference paragraphs one (1) through twelve (12).

13. This is an action for damages for violation of the "FDCPA."

14. Defendant's violations include, but are not limited to, the following:

a. In connection with the collection of a debt, the Defendant used false or deceptive or misleading misrepresentations or means by failing to disclose in an initial, oral communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose in violation of 15 U.S.C. §1692e(11).

b. Defendant violated 15 U.S.C. §1692d by engaging in conduct in which the natural consequence of which is to harass, oppress and abuse any person in connection with the collection of an alleged debt.

c. Defendant violated 15 U.S.C. §1692b(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

15. As a direct and proximate result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs. Plaintiff is entitled to attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable and judgment against Defendant for damages, attorney's fees, costs, interest, and such other relief as this Court deems appropriate.

### COUNT TWO: UNFAIR AND DECEPTIVE TRADE PRACTICE

Plaintiff repeats and realleges and incorporates by reference paragraphs one (1) through 15 (fifteen).

16. This is an action for damages for violation of the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. §501.201 to §501.213).

17. Collection of this debt was a "consumer transaction" within the scope of the Florida Deceptive and Unfair Trade Practices Act, §501.201 to §501.213.

18. In engaging in the above business practices and collection practices described above, Defendant committed an unfair and deceptive act or practice in connection with the collection of the alleged debt owed to Defendant.

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. The Florida Deceptive and Unfair Trade Practices Act provides for an award of attorney's fees should Plaintiff prevail in this matter.

21. As a result of the above violations of the state Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant as follows: actual damages, statutory damages, costs of this action, attorney's fees and such other and further relief as this Court may deem just.

### COUNT THREE: FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION

Plaintiff repeats and realleges and incorporates by reference paragraphs 1 (one) through 21 (twenty-one).

22. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §559.55 to §559.785)

23. Defendant is and was subject to, and has violated The Florida Consumer Collection Practices Act by engaging in the collection of a consumer debt and:

a.   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; using profane, vulgar or willfully abusive language in communicating with the debtor or any member of her family. F.SA. 559.721(7);

b.   Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication; F.SA. 559.721(18).

24.  Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. Florida law, Section 559.77, provides for an award of attorneys fees should Plaintiff prevail in this matter.

25.  As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statute Section 559.77 including, but not limited to emotional distress, and other damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against Defendant for damages, attorney's fees, costs, interest, and such other relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

COLLINS & STORY, P.A.

_____
MAX STORY, ESQUIRE
Florida Bar No. 527238
233 East Bay Street, Suite 920
Jacksonville, FL 32202
(904) 355-0805
Attorney for Plaintiff